MIGUEL MELÉNDEZ-MUÑOZ, Appellant, *v.* REGISTRAR OF GUAYAMA, Respondent.

No. 645.  Submitted July 22, 1926.—Decided July 28, 1926.

*Miguel Marcos Morales* for the appellant.  The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The pertinent portion of a final order entered in a summary proceeding for the foreclosure of a mortgage reads as follows:

"THEREFORE.—The court enters an order directing the clerk to issue to the marshal the corresponding order of execution directing him to attach and sell the mortgaged property at public auction and out of the proceeds of the sale to pay to the plaintiff the sum of three thousand dollars as principal and one hundred and fifty dollars for costs, disbursements and plaintiff's attorney fees, this order to have all the force and effect of a writ for the possession of the mortgaged property, both between the parties interested in this proceeding as well as between them and any other person that should file a claim in that suit by reason of any right acquired during the same, and the marshal will put the purchaser in possession of the property, in compliance with the order herein, within the term of thirty days, counted from the award at the auction sale. Let a proper writ for the carrying out of this order issue to the marshal."

The registrar refused to record the marshal's deed "be-

cause it was noticed that in spite of the fact that the auction sale in this case was fixed for April 16, 1926, from two to three p. m., it was postponed and carried out the next day for the reason alleged that the day first set was a legal holiday, and because the marshal has no authority to postpone, as he did, the said auction sale for the next day.''

The theory of the registrar seems to be that the case does not come within the contemplation of section 389 of the Political Code which provides that—

''Whenever any act is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.''

The argument is that the day specified in the advertisement and public announcement of the sale in the instant case was not appointed by law or by contract, but had been designated and fixed by the marshal himself.

This argument assumes that the power of the marshal to postpone the sale, if any such power exists, must have been conferred upon him by the provisions of section 389, *supra,* or other equally specific legislative enactment. Our Legislature, however, in creating the office of marshal, in defining his powers and duties, in fixing his responsibility to litigants and in prescribing the procedure to be followed by him in carrying into effect the judgments and orders placed in his hands for execution, seems to have left many questions of detail to the sound discretion of that officer to be exercised in accordance with the nature of the trust reposed in him and the responsibility resting upon him and in conformity with the general principles of law.

The law creating the office of district marshal, defining his duties, etc., approved March 10, 1904, provides, among other things, that—

''Section 3.—The marshal must:

''1. Attend all district courts at their respective terms held within his district, and obey their lawful orders and directions.''

The sale of real estate by a marshal under a decree of foreclosure in this jurisdiction is not ordinarily reported to the court for confirmation. As we have shown, no such report and confirmation of the sale was required or contemplated by the court in this case. The marshal was directed to seize and sell the mortgaged property, to pay the plaintiff a specified sum out of the proceeds of such sale and within thirty days thereafter to put the purchaser at the said sale in possession of the property sold.

Sections 1, 2 and 6 of "An Act relating to judgments and the manner of satisfying them," Compiled Statutes 1911, p. 859, sections 5295, 5296 and 5300, ordain:

"Sec. 1. That decision and judgments rendered in all actions or special proceedings for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damage and costs with a foreclosure of his lien on. the property subject thereto, and that an order of sale shall be issued to the marshal of any district where such property may be, directing him to seize and sell the same in satisfaction of the judgment in the manner provided by law for the sale of property under execution; and if the property can not be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to secure the money, or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions.

"Sec. 2.—When any order foreclosing a lien upon immovable property is made in a suit having for its object the forclosure of such lien; in any court having jurisdiction, such order shall have all the force and effect of a writ of possession, as between the parties to such suit of foreclosure and any person claiming under the defendant to such suit by any right acquired pending such suit; and the court shall so direct in the judgment providing for the issuance of such order, and the marshal or other officer executing such order of sale, shall proceed by virtue of said order to place the purchaser of the property sold under the same in possession thereof within thirty days after the day of sale.

"Sec. 6.—Immovable property taken by virtue of any execution or order of sale, shall be sold at public auction in the same manner provided by law for the sale of personal property under execution."

Section 251 of the Code of Civil Procedure prescribes the manner in which notice must be given before the sale of property on execution; and section 252 says that—

"An officer selling without the notice prescribed by the last section forfeits five hundred dollars to the aggrieved party, in addition to his actual damages."

In the circumstances and in the absence of a more satisfactory showing than is contained in the brief for the registrar, we are not prepared to say at this time that the marshal had no power to adjourn, postpone or transfer the sale announced and advertised for April 16th, to the following day. 10 R. C. L. 1288–1289; 35 C. J. 30–35.

The ruling appealed from must be reversed.

Mr. Justice Wolf dissented.